STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, SS                              CIVIL ACTION
                                           DOCKET NO. CV-07-156
                                           *TC ?*                  *...*


TIMOTHY TOOMEY,

         Plaintiff

         v.                                **ORDER OF DISMISSAL**

INHABITANTS OF THE TOWN
OF FRYE ISLAND,

                                           *...*NALD L. **GARBRECHT**
         Defendants                              A*W* LIBRARY

                                           AUG 2 0 2007

## I. BACKGROUND & PROCEDURAL HISTORY

Timothy Toomey initiated this action alleging three violations of the Freedom of

Access Act, 1 M.R.S. § 401 *et seq.* (FOAA), and for declaratory judgment to have the

board of selectmen's (Board) decision to appeal a prior judgment of this court[1] declared

"null and void and of no legal effect." *See* plaintiff's complaint, ¶¶ 41, 43 and (a) and (e)

of his demand for judgment.

Defendant, Town of Frye Island, has filed a Motion to Dismiss the complaint

under M.R.Civ.P. 12(b)(6), failure to state a claim upon which relief can be granted.

## II. DISCUSSION

When reviewing a motion to dismiss based on a failure to state a claim upon

which relief can be granted, the court examines the complaint "in the light most

favorable to the plaintiff and accept[s] the material facts of the complaint as true."

*Davric Me. Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶6, 751 A.2d 1024, 1028

(citations omitted); *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43,

---

[1] *See Timothy Toomey v. Town of Frye Island*, Superior Court, Cumberland County, Docket No. AP-05-081,
February 7, 2007.

46. A court should dismiss the action only if "it appears beyond a reasonable doubt that a plaintiff is entitled to no relief under any set of facts that [the plaintiff] might prove to support [their] claim." *Moody,* 2004 ME 20 ¶ 7, 843 A.2d at 47 (internal citation omitted).

Frye Island is a unique community that operates on an island in Sebago Lake as a seasonal municipality and closes in the Fall of each year. There are no year-round residents on the island.

Toomey contends the Town violated provisions of the FOAA that require the public to be given notice of meetings[2], by not holding the meeting in a location physically open to the public[3], and by holding an unauthorized executive session.[4] Toomey also claims that the meeting violated the Town's charter. First, Toomey states that notice of the meeting posted on the Town's website was insufficient, however, Toomey did receive notice and attended the meeting. All participants to the meeting were connected via telephonic conference. Toomey has not demonstrated that he did not receive notice or that he was prejudiced in any way by the Town's actions. Second, Toomey's contention that the meeting was not open to the public is also not demonstrated by the record. He admits that he attended the meeting. The fact that the meeting was held over the telephone is irrelevant because Toomey was permitted to participate by telephone. Likewise, Toomey has failed to prove any prejudice as a result of the Town's actions. Toomey's third contention is that due to the lack of notice and closed nature of the meeting that the meeting was in effect an executive session. Since Toomey had notice of the meeting and was able to attend the meeting, he cannot sustain his burden to show that the meeting was an executive session or that he suffered

[2] 1 M.R.S. § 406 (2006).
[3] 1 M.R.S. § 403 (2006).
[4] 1 M.R.S. § 405 (2006).

any prejudice as a result of the meeting being held by teleconference.

Toomey's final contention is that the February 17, 2007 Board meeting violated the provision of the Town's charter that requires meetings to be held within twenty-five miles of the town line. *See* Charter of the Town of Frye Island, adopted October 8, 2005 art. III, § 7. The Town previously voted specifically to allow members to participate via audio teleconferencing at Board meetings. There is no allegation in the complaint that a Board meeting occurred more than 25 miles from the town limits of Frye Island or that members convened in a specific physical location. In fact, the complaint alleges, ¶ 34, that the telephonic conference was "without any physical meeting place." A teleconference by nature has no physical location; therefore, no violation of the Town charter occurred.

## III. DECISION AND ORDER

The clerk will make the following entry as the Decision and Order of the court:

- Defendant's Motion to Dismiss is granted.

- Plaintiff's complaint is dismissed with prejudice.

SO ORDERED.

June 19, 2007

Thomas E. Delahanty II
Justice, Superior Court

URTS
ounty
7
112-0287

GREGORY CUNNINGHAM ESQ
JOAN FORTIN ESQ
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 9729
PORTLAND ME 04104-5029

COURTS
County
287
04112-0287

MARSHALL TINKLE ESQ
TOMPKINS CLOUGH HIRSHON & LANGER
PO BOX 15060
PORTLAND ME 04112-5060